BUCHALTER
A Professional Corporation
FARAH P. BHATTI (SBN: 218633)
MATTHEW L. SEROR (SBN: 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email:   fbhatti@buchalter.com
         mseror@buchalter.com

Attorneys for Plaintiff
BUNDOO KHAN USA LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| Bundoo Khan USA LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Omar's Chicken n Waffles, LLC,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br>**(2) FALSE DESIGNATION OF ORIGIN**<br>**(3) TRADEMARK DILUTION;**<br>**(4) COMMON LAW UNFAIR COMPETITION;**<br>**(5) FALSE ADVERTISING;**<br>**(6) CALIFORNIA STATE UNFAIR COMPETITION**<br>**(7) CALIFORNIA STATE TRADEMARK DILUTION**<br>**(8) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bundoo Khan USA LLC ("Plaintiff"), by and through its attorneys, brings this action and alleges against defendant Omar's Chicken N Waffles, LLC ("Defendant"), as follows:

## JURISDICTION AND VENUE

1. This action arises under the trademark laws of the United States. This Court has original jurisdiction over the subsequent matter of this action pursuant to 28 U.S.C. §§1331(a) and 1338 and 15 U.S.C. §1051, *et seq.*

2. This Court has supplemental jurisdiction over any claim herein arising under the laws of the State of California pursuant to 28 U.S.C. § 1367 because the claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Bundoo Khan USA LLC, is a California limited liability company with a principal place of business located at 680 Langsdorf Drive, Suite 211, Fullerton, California 92831.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a California limited liability company with its principal place of business at 5220 Henderson Court, Antioch, California 94531.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates a restaurant in Pittsburg, California. Plaintiff is informed and believes, and on that basis alleges, that Defendant uses the name BUNDU KHAN mark in connection with its restaurant services, which is an infringement of Plaintiff's trademark rights.

## FACTS

7. Plaintiff is the exclusive licensee and franchisee of the original BUNDOO KHAN restaurant, based in Karachi, Pakistan.

8. Mr. Bundoo Khan was born in 1890 in India and migrated with his family to Karachi, Pakistani after the partition of India and Pakistan. In 1948, Mr.

Khan opened a small shop selling food items in Karachi. In 1957, he expanded the shop into a full-scale restaurant and over time, began developing his menu to include his world-famous Chicken Tikka and Bihari kabob dishes.

9. Over the years, the BUNDOO KHAN name and brand rose to prominence and became well-known as the best Pakistani barbeque available. After Mr. Khan's death in 1987, his children carried on the legacy of his restaurant and food by operating his shops in Karachi, Pakistan, then expanding to Faisalabad, Pakistan and Dubai, UAE.

10. Given the long-existing use of the BUNDOO KHAN mark, first by Mr. Khan himself and later by his family, the BUNDOO KHAN mark and brand is known by a substantial percentage of consumers, particularly those of Pakistani descent or lineage and those in geographic areas of the United States with large Pakistani communities – such as in the Los Angeles, California and San Francisco, California metropolitan areas.[1]

11. Given the prominence and fame of the BUNDOO KHAN brand, in the minds of consumers, the primary significance of the BUNDOO KHAN mark is to identify the source of the goods and services being offered under that mark. As a result, the BUNDOO KHAN brand has secondary meaning. This secondary meaning has extended across the United States generally, and particularly in geographic areas of the United States with large Pakistani communities.

12. The trademark BUNDOO KHAN is a well-known mark as described in the Paris Convention Article 6*bis* and incorporated in the Lanham Act §43(a), §44(b) and §44(h), and should be afforded such protection.

13. On or around February 13, 2021, Plaintiff entered into a "Master Franchise Agreement" with the original owners of the BUNDOO KHAN restaurant

---

[1] See https://www.pewresearch.org/social-trends/fact-sheet/asian-americans-pakistanis-in-the-u-s/, identifying the Los Angeles, California and San Francisco, California metropolitan areas as having the sixth and seventh largest Pakistani communities in the United States as of 2019, respectively.

in Karachi, Pakistan. This Agreement gives Plaintiff the exclusive right to use the BUNDOO KHAN trademark in the United States in connection with restaurant services, and also provides Plaintiff with the right to sub-license or further franchise the BUNDOO KHAN mark in the United States. These rights were granted exclusively to Plaintiff by the original BUNDOO KHAN owners in Karachi, Pakistan.

14. On December 30, 2020, through authorization provided by the original owners of the BUNDOO KHAN trademark in Karachi, Pakistan, Plaintiff filed a trademark application for MAK AL HAAJ BUNDOO KHAN with the United States Patent and Trademark Office in contemplation of use of the mark in connection with restaurant services. The mark was registered on January 18, 2022.

15. On or around May 26, 2021, Plaintiff opened its first franchised location of BUNDOO KHAN in the United States, in Fullerton, California. Mr. Waqar Mehmood, the grandson of Mr. Bundoo Khan, helps to manage the Fullerton restaurant per the request of the original owners in Karachi and Plaintiff and Mr. Shahbaz Mueed, another grandson of Mr. Khan also work at the Fullerton, California location.

**DEFENDANT'S WRONGFUL CONDUCT**

16. Plaintiff is informed and believes, and on that basis alleges, that on or around October, 2021, Defendant opened its restaurant in Pittsburg, California under the name BUNDU KHAN.

17. Thereafter, Plaintiff learned that Defendant was erroneously informing customers that it was related to Plaintiff's Fullerton restaurant. To verify this information, Plaintiff called Defendant on or about November 7, 2021 whereby Defendant claimed that its restaurant was related to the Fullerton branch owned by Plaintiff.

18. On February 15, 2022, Plaintiff sent Defendant a cease and desist letter informing Defendant of Plaintiff's rights in the BUNDOO KHAN trademark and

informed Defendant that its use of BUNDU KHAN is causing confusion in the marketplace. Defendant did not respond to the letter. A true and correct copy of Defendant's February 15, 2022 letter is attached hereto as Exhibit "A."

19. On February 28, 2022, Plaintiff sent Defendant a second cease and desist letter and requested a response to the same. Defendant again did not respond to the letter. A true and correct copy of Defendant's February 28, 2022 letter is attached hereto as Exhibit "B."

20. On March 8, 2022, Shazia Khan, the Chief Executive Officer of Defendant, filed U.S. Trademark Application Serial No. 97/300492 for the mark BUNDU KHAN RESTAURANT covering "Restaurant; Restaurant services; Restaurant services, including sit-down service of food and take-out restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises."

21. Defendant quite clearly is aware of the existence of Plaintiff and of Plaintiff's presence in this judicial district. The acts undertaken by Defendant, as detailed herein, were done with that knowledge, and the understanding that the harm to Plaintiff, and to Plaintiff's brand and business, would be felt by Plaintiff in this judicial district.

22. Plaintiff believes that use of the BUNDU KHAN trademark by Defendants has and is causing confusion. Attached as Exhibit "C" is evidence from various Internet websites which shows the confusion caused by Defendant's use.

23. Even after being informed on multiple occasions that its use of the BUNDU KHAN trademark is an infringement of Plaintiff's rights, Defendant has knowingly elected to continue use of the infringing mark. Moreover, Defendant has failed to cease and desist its intentional and willful infringement of Plaintiff's mark.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendant's continued use of the BUNDU KHAN trademark in marketing and

advertising is designed to cause confusion, mistake or deception amongst consumers and leads to increased business for Defendant based on Plaintiff's goodwill.

25. By virtue of its acts and conduct alleged above, Defendant has caused damage to Plaintiff as a result of confusion as to the source of origin and sponsorship of Defendant's services and has otherwise competed unfairly with Plaintiff. Such likelihood of confusion includes, but is not limited to, confusion of consumers and the general public that Defendant's services which are advertised under the BUNDU KHAN mark are directly connected with Plaintiff and its brand, or that they are affiliated, sponsored or endorsed by Plaintiff.

26. Defendant's acts and conduct have caused damages and irreparable injury to Plaintiff in an amount to be determined at trial. Such acts and conduct will result in further damage and irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights, for which Plaintiff has no remedy at law.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement – 15 U.S.C. §1114)**

27. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations in all prior and subsequent paragraphs.

28. Defendant had both actual and constructive knowledge of Plaintiff's ownership rights in its federally registered mark prior to Defendant's infringing use of those marks.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendant has been advertising, marketing and promoting services using a mark that is nearly identical to Plaintiff's mark, as set forth above. Defendant's use of BUNDU KHAN mark in association with Defendant's services has already caused consumer confusion insofar as consumers believe that Defendant's services are commissioned by, sponsored by, or affiliated with Plaintiff, as is evidenced by Exhibit "C".

30. Defendant's use of the BUNDU KHAN mark is without the permission of Plaintiff. Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully uses the Plaintiff's mark in connection with the sale, offering for sale, promotion and advertising of Defendant's services in a manner likely to cause confusion, or to cause mistake, or to deceive customers that Defendant's services are authorized by or affiliated with Plaintiff.

31. The above-recited facts by Defendant constitute trademark infringement of Plaintiff's mark to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

32. Plaintiff is informed and believes, and based thereon alleges, that as a result of these acts, Defendant has been, and will continue to be, unjustly enriched by the profits that Defendant has made in connection with the use of its infringing mark.

33. Defendant's continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a permanent injunction enjoining Defendant from engaging in further acts of infringement.

34. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each and every time Defendant uses the infringing mark to advertise and promote its services, and each time a consumer uses Defendant's services, as such use by Defendant causes confusion as to their affiliation with Plaintiff through its use of the infringing mark.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were in conscious and willful disregard of the Plaintiff's mark and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin – 15 U.S.C. §1125(a))

36. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations in all prior and subsequent paragraphs.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendant has used and is using its infringing mark to advertise, promote and market Defendant's services with the intent of passing off and confusing the public into believing that Defendant's services are sponsored by, endorsed by, or affiliated with Plaintiff.

38. Defendant's above recited acts constitute false designation of origin, false description of fact, false representation, unfair competition and false affiliation, connection or association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as such acts are likely to have deceived and are likely to continue to deceive customers and prospective customers into believing that Defendant's services are from, sponsored by, endorsed by, or affiliated with Plaintiff.

39. If not enjoined by the Court, Defendant will continue to market, promote and advertise its services in commerce, which services will be attributed to being sponsored by, endorsed by, or affiliated with Plaintiff.

40. Plaintiff is informed and believes, and based thereon alleges, that as a result of these acts, Defendant has been and will continue to be, unjustly enriched by the profits that the Defendant has made in connection with its use of the Plaintiff's mark.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendant's continuing infringement has inflicted, and unless restrained by this Court, will continue to inflict great and irreparable harm on Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a permanent injunction enjoining Defendant from engaging in further acts of infringement.

42. Plaintiff is informed and believes, and based thereon, alleges that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each and every time Defendant uses the infringing mark to promote, advertise, or market its services. Plaintiff is entitled to its attorneys' fees and costs of suit herein.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were in conscious and willful disregard of Plaintiff's rights, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. §1125(c))

44. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

45. The Plaintiff's mark is distinctive and famous, especially given its special status under the Paris Convention Article 6*bis* and incorporated in the Lanham Act §43(a), §44(b) and §44(h).

46. Defendant began using the infringing mark in connection with the advertising, marketing and promotion of its services, including on its restaurant location and online, subsequent to the Plaintiff's mark becoming famous.

47. Defendant's advertising, marketing, and promotion of Defendant's services and its use of the infringing mark causes dilution by lessening the capacity of the Plaintiff's mark to identify and distinguish the Plaintiff's services. Defendant's use of the infringing mark also causes dilution by tarnishment by harming the reputation of Plaintiff's mark.

48. By reason of the acts complained of herein, Defendant has caused the dilution of the distinctive quality of the Plaintiff's mark, lessened the capacity of the

Plaintiff's mark to identify and distinguish Plaintiff's services, and tarnished the Plaintiff's mark in violation of 15 U.S.C. §1125(c).

49. As a result of its acts, Defendant has been, and will continue to be, unjustly enriched by the profits that the Defendant has made in connection with its advertising, promoting and marketing of Defendant's services.

50. Defendant's continuing infringement has inflicted, and unless restrained by this Court, will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a permanent injunction enjoining Defendant from engaging in further acts of infringement.

51. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined as Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each and every time Defendant uses the infringing mark to promote, market and advertise its services, as this causes confusion as to Defendant's affiliation with Plaintiff. Plaintiff is also entitled to its attorneys' fees and costs of suit herein.

52. Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were in conscious and willful disregard of Plaintiff's rights in the Plaintiff's mark and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

## FOURTH CLAIM FOR RELIEF
### (False Advertising – 15 U.S.C. §1125(a))

53. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

54. Plaintiff is informed and believes, and based thereon alleges, that Defendant has in effect created a website and marketing materials that appear to create a connection between Plaintiff and Defendant. Defendant's use of a mark nearly identical to Plaintiff's mark does nothing but deceive consumers into believing

that the entities are somehow related or affiliated.  This deception is material in the above-mentioned actions and are likely to influence the decision by consumers to purchase Defendant's services believing that the services originate from Plaintiff.

55. Defendant's above-described acts constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

56. As a result of these acts, Defendant has been, and will continue to be, unjustly enriched by the profits that the Defendant has made in connection with advertising of its services under the infringing mark. Such profits have damaged and will continue to damage Plaintiff.

57. Defendant's continuing infringement has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law.  Plaintiff is entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of false advertising.

58. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each time Defendant causes confusion by use of the infringing mark.  Plaintiff is also entitled to its attorneys' fees and costs of suit herein.

59. Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were in conscious and willful disregard for Plaintiff's rights and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

## FIFTH CLAIM FOR RELIEF

## (California Statutory Unfair Competition –

## Cal. Bus. & Prof. Code §17200, *et. seq.*)

60. Plaintiff repeats, realleges and incorporates by reference, as though full set out herein, the allegations contained in all prior and subsequent paragraphs.

61. Plaintiff has built valuable goodwill in the Plaintiff's mark. Defendant's advertising, marketing, promotion and use of the infringing mark in connection with its services is likely to and does permit Defendant to trade upon the goodwill of the Plaintiff's mark and to confuse the public regarding a connection or affiliation between Plaintiff and Defendant. This conduct results in damage to Plaintiff's goodwill and reputation, the loss of money and property to Plaintiff and the unjust enrichment of Defendant.

62. By advertising, marketing, promoting and otherwise using the Plaintiff's mark, Defendant misleads others, and will continue to mislead others, into assuming there is a connection between Plaintiff and Defendant.

63. Defendant's use of the infringing mark in connection with Defendant's services was and is without the consent of Plaintiff. Defendant's conduct is thus unfair, unlawful and fraudulent in violation of Section 17200, *et seq.*, of the California Business and Professions Code.

64. Plaintiff is informed and believes, and based thereon alleges, that unless restrained by this Court, Defendant will continue to infringe Plaintiff's mark, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception.

65. As a result of the acts complained of herein, Defendant has been and will continue to be, unjustly enriched by the profits that Defendant has made in connection with the advertising, promoting and marketing of Defendant's services and Plaintiff has been, and continues to be, monetarily damaged with each sale by Defendant related to its services.

## SIXTH CAUSE OF ACTION

### (California Trademark Dilution – Cal. Bus. & Prof. Code §14247)

66. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

67. Plaintiff's marks are distinctive and famous especially given its special status under the Paris Convention Article 6*bis* and incorporated in the Lanham Act §43(a), §44(b) and §44(h).

68. Defendant began using the infringing mark in connection with their advertising, offering for sale, promotion, etc. in connection with services identical to those of Plaintiff subsequent to the Plaintiff's mark becoming famous.

69. By reason of the acts complained of herein, Defendant has caused the dilution of the distinctive quality of the Plaintiff's mark, lessened the capacity of the Plaintiff's mark to identify and distinguish Plaintiff's services, and tarnished the Plaintiff's mark.

70. As a result of its acts, Defendant has been, and will continue to be, unjustly enriched by profits that Defendant has made in connection with its advertising, marketing, promotion and offering and performance of services under the infringing mark.

71. Defendant's continuing infringement has inflicted, and unless restrained by this Court will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

72. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined, as Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each and every time Defendant uses the infringing mark to promote its competing services as this

causes confusion as to Defendant's affiliation with Plaintiff. Plaintiff is also entitled to its attorneys' fees and costs of suit therein.

73. Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were in conscious and willful disregard of Plaintiff's rights in the Plaintiff's mark, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

## SEVENTH CAUSE OF ACTION

**(Common Law Unfair Competition)**

74. Plaintiff repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

75. Defendant's actions in connection with Defendant's services are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship or connection between Defendant and Plaintiff, and constitute unfair competition at common law.

76. By reason of Defendant's actions in connection with Defendant's services, Plaintiff has suffered and will continue to suffer irreparable injury to its rights, and has suffered and will continue to suffer substantial loss of goodwill and loss in the value of its trademark, unless and until Defendant is enjoined from continuing its wrongful acts.

77. By reason of Defendant's actions in connection with Defendant's services, Plaintiff has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendant is enjoined from continuing its wrongful acts.

78. The conduct of the Defendant is highly reprehensible because among other things: (A) it has caused and will continue to cause substantial economic loss to Plaintiff; (B) it demonstrates an indifference as to the trademark rights of Plaintiff; (C) it has been repeated and continuous, rather than just an isolated incident; and (D)

it has caused and will continue to cause harm to Plaintiff not by accident, but rather by said intentional malice, trickery and deceit.

79. Plaintiff is informed and believes, and thereon alleges, that the aforementioned conduct of the Defendant, was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of the trademark rights of Plaintiff such as to constitute malice, oppression or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of the Defendant.

## EIGHTH CAUSE OF ACTION

### (False Advertising Pursuant to Cal. Bus. & Prof. Code §17500)

80. Plaintiff repeats, reallages and incorporates by reference as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

81. Plaintiff is informed and believes, and based thereon alleges, that Defendant has in effect informed the market that Defendant is either acting on behalf of, is sponsored by, affiliated with, endorsed or otherwise related to Plaintiff. Plaintiff is informed and believes that Defendant is expanding its use of the BUNDU KHAN mark in order to confuse consumers and deceive a substantial number of consumers into believing the falsities of Defendant's affiliation with Plaintiff. This deception is material in that the above-mentioned facts are likely to influence the decision by consumers to use Defendant's services.

82. Defendant's continuing infringement has inflicted, and unless restrained by this Court will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions enjoining Defendant from engaging further acts of false advertising.

83. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's foregoing acts, Plaintiff has suffered and is entitled to an award of monetary damages in an amount not yet determined, as

Defendant is unjustly enriched and Plaintiff is unjustifiably damaged each and every time Defendant uses the infringing mark to promote its services or cause confusion as to their affiliation with Plaintiff through such use.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgement as follows:

1. That Defendant, its affiliates, subsidiaries, officers, directors, employees and attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminary and permanently from:

   (a) Using the Plaintiff's mark and/or any other designation that is a colorable imitation of and/or is confusingly similar to the Plaintiff's mark, in any medium (retail, internet, physical or otherwise) in connection with any services, related services or related goods;

   (b) Representing in any manner, or by any method whatsoever, that Defendant is in any way affiliated with Plaintiff, or that the goods, services or other products or services provided by Defendant are sponsored, approved, authorized by, or originate from Plaintiff, or otherwise take an action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

   (c) Infringing, diluting and/or tarnishing the distinctive quality of the Plaintiff's mark;

   (d) Unfairly competing with Plaintiff in any manner.

2. The Defendant be required to deliver up to Plaintiff for destruction any literature, catalogs, signs, advertising material, and the like bearing any of the Plaintiff's mark or any confusingly similar variations therefor for product neither originating from or nor authorized by Plaintiff.

3. That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon

Plaintiff's attorneys a written report, under oath, setting forth in detail the manner in which Defendant has complied with paragraphs 1 and 2 above.

4.  That Defendant be required to account for and pay over to Plaintiff their profits and the cumulative damages sustained by Plaintiff by reasons of Defendant's unlawful acts of trademark infringement, false designation of origin, dilution and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Plaintiff.

5.  That the Court order disgorgement and/or restitution of Defendant's profits to Plaintiff.

6.  That for each violation of the trademark rights of Plaintiff, Defendant be ordered to pay statutory damages for such violations under each applicable claim for relief, and where there is a finding of willful infringement or other conduct entitling Plaintiff to an increase in statutory damages, for the maximum award of statutory damages available under each of the applicable claims for relief set forth above.

7.  That Plaintiff be awarded its reasonable costs and attorneys' fees.

8.  That Plaintiff be awarded punitive damages.

9.  That Plaintiff be awarded such other and further relief as the Court may deem equitable.

DATED:  April 12, 2022           BUCHALTER
                                 A Professional Corporation


                                 By:      /s/ Matthew L. Seror
                                        FARAH P. BHATTI
                                        MATTHEW L. SEROR
                                        Attorneys for Plaintiff
                                        BUNDOO KHAN USA LLC

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

DATED: April 12, 2022

BUCHALTER
A Professional Corporation


By: _____/s/ Matthew L. Seror_____
FARAH P. BHATTI
MATTHEW L. SEROR
Attorneys for Plaintiff
BUNDOO KHAN USA LLC